SARAH McHUGH *vs.* ALBERT D. HOWLETT.

Suffolk. November 21, 1919. — November 26, 1919.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & JENNEY, JJ.

*Deceit.*

At the trial of an action by a stockholder in a corporation for deceit alleged to have been practised upon him in a reorganization of the corporation, it appeared that, after the stockholders had voted unanimously to reorganize the corporation, a committee of three stockholders was appointed to prepare a scheme for effecting

a change; that this committee issued a circular relating to the exchange of shares of stock of the old for shares of stock and bonds of the new corporation and directing the sending of the necessary documents properly executed to the defendant, who was named as the treasurer and a director of the new corporation. The defendant was neither a member of the reorganization committee nor a signer of the circular. The plaintiff sent to the defendant his shares of stock and a check and received a temporary receipt from the defendant and a letter from the committee which included a form of assignment for transferring all his rights to the corporation. The plaintiff executed and delivered the assignment to the corporation. Later he demanded of the defendant his new shares and bonds, and delivery was refused. *Held,* that there was no evidence warranting a finding for the plaintiff.

TORT for deceit alleged to have been practised upon the plaintiff as a stockholder in the reorganization of the Boston-Cerrillos Mines Corporation. Writ dated February 1, 1917.

In the Superior Court the action was tried before *Sanderson,* J. It appeared that, in the circular described in the opinion, the officers of the new corporation were named, including the defendant as the treasurer and a director, and that the circular included the following direction: "Kindly fill out and sign the enclosed blank and assignment of common stock, and send with your preferred stock and certificates of interest (both of which must be endorsed in blank) and your remittance to Albert D. Howlett, 50 Congress Street, Room 621, Boston, Mass. Make all checks payable to Albert D. Howlett, Treasurer."

Other material evidence is described in the opinion. At the close of the evidence, the judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*J. T. Maguire,* (*J. M. Browne* with him,) for the plaintiff.

*A. P. Stone,* for the defendant.

BRALEY, J. It appears from the record that the plaintiff and the defendant were stockholders in the Boston-Cerrillos Mines Corporation, the reorganization of which having been unanimously voted, a committee of three stockholders was appointed to prepare a scheme for effecting the change. A new corporation to be known as the Boston-New Mexico Mining Company accordingly was formed and the committee issued a circular signed by them to the several stockholders under the terms of which the stockholders could exchange their old stock for a corresponding number of shares of the stock of the new corporation and receive a proportionate part of the first mortgage bonds of the new company.

If any stockholder desired to make the change, he was directed to send his check in so far as it might be necessary to effect the transfer, payable to the order of the defendant as treasurer. The circular was not signed by the defendant nor is there any evidence showing that he participated in its preparation or issuance. The plaintiff, having received the circular, sent her certificate and check to the treasurer which was acknowledged in a letter to her by the committee which also enclosed negotiable temporary receipts signed by the defendant as treasurer, entitling her to receive one bond and the stock in accordance with the circular, and assignments also were enclosed whereby she could transfer to the company her rights. The plaintiff, after consultation with friends who advised her what to do, voluntarily filled out, executed and delivered assignments of her rights to the new corporation, and these assignments were properly admitted in evidence. While there is no evidence that at any time before making the assignments the plaintiff had any correspondence or interviews whatever with the defendant, the jury could find on her evidence that at some time after the assignments were delivered she demanded from the defendant the return of her stock and bond, and "that he did not offer to return her stock, and that he has never paid back the money received by him," which demand having been refused, the present action is brought against him in tort to recover damages for alleged deceit.

We are of opinion that the verdict for the defendant was ordered rightly. The record wholly fails to show any false statements made by the defendant whereby the plaintiff was induced to execute and deliver the assignments, or even to deposit her stock or bond, and for reasons previously stated he cannot be held responsible for any statements contained in the circular. *Bradley* v. *Poole,* 98 Mass. 169. *Ginn* v. *Almy,* 212 Mass. 486, 503, 504. The plaintiff having failed to offer any evidence to support the material allegations of the declaration, the exception to the admission in evidence of the bankruptcy of the old company need not be considered.

*Exceptions overruled.*